IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY MEDLEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:19-cv-1442 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| SUPERINTENDENT SCI FAYETTE, | ) | Chief United States Magistrate Judge |
| DISTRICT ATTORNEY OF | ) | Cynthia Reed Eddy |
| WASHINGTON COUNTY, ATTORNEY | ) | |
| GENERAL OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER OF COURT

Before the Court is the Petition for Writ of Habeas Corpus (ECF No. 7) filed by Petitioner Tracy Medlen. On June 8, 2021, Chief Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation (ECF No. 25) in which she recommended that the Court deny the Petition for Writ of Habeas Corpus and deny a certificate of appealability.

Petitioner filed timely Objections (ECF No. 26) to the Report and Recommendation on June 28, 2021. This matter is now ripe for disposition.

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review

1

to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon review of the June 28, 2021 Report and Recommendation and Petitioner's Objections, as well as a review of the record in this matter, it is hereby ORDERED as follows:

Petitioner's Objections to the Report and Recommendation are overruled.  The Court notes that Petitioner's Objections relate only to Claim Four and rely entirely on arguments that are squarely addressed and rejected by Judge Eddy's analysis, with which this Court agrees.  The Court adopts Judge Eddy's Report and Recommendation as the Opinion of the Court, and supplements the same as follows:

Claim One(c), which asserts that trial counsel was ineffective due to a failure to follow up on Petitioner's purported instructions that Petitioner would sign an 8-16-year plea agreement, is also procedurally defaulted, as it has not been presented to any court in any proceeding prior to Petitioner's instant habeas petition.  The Court cannot consider Claim One(c) unless Petitioner establishes cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the default.  *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 375 (3d Cir. 2018).  The Court agrees with the Report and Recommendation's conclusion that Petitioner fails to meet this burden with respect to Claims One(a) and (b), Two(a) and (b), Three, and Four, and finds that Petitioner similarly fails to establish cause and prejudice or a fundamental miscarriage of justice sufficient to excuse his procedural default with respect to Claim One(c).  Accordingly, Claim One(c) must be denied because it is procedurally defaulted and federal review is barred.

In light of the above, the Petition for Writ of Habeas Corpus is DENIED.  The Court finds that, because jurists of reason would not find it debatable whether each of Petitioner's claims

should be denied, Petitioner is not entitled to the issuance of a certificate of appealability. Accordingly, it is hereby further ORDERED that a certificate of appealability is DENIED.

The denial of a certificate of appealability does not prevent Petitioner from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  *See* Fed.R.App.P. 22(b)(1), (2).  IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.  The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated:  October 29, 2021

cc/ecf: All counsel of record


Tracy Medlen
MB-7817
SCI Fayette
421 Labelle Road
Labelle, PA 15450
(via U.S. First Class Mail)